# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
Filed: December 17, 2020

```
*   *   *   *   *   *   *   *   *   *   *   *   *
```

| | | |
|---|---|---|
| PATRICIA L. MCAVOY, | * | Unpublished |
| *As personal representative of,* | * | |
| ESTATE OF DANIEL W. MCAVOY | * | |
| | * | |
| Petitioner, | * | No. 19-357V |
| | * | |
| v. | * | Special Master Gowen |
| | * | |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | Influenza ("flu"); Cellulitis; |
| | * | Stipulation for Award. |
| Respondent. | * | |

```
*   *   *   *   *   *   *   *   *   *   *   *
```

*Andrew D. Downing,* Van Cott & Talamante, PLLC, for petitioner.
*Claudia B. Gangi,* Department of Justice, Washington, D.C., for respondent.

## DECISION FOR STIPULATION[1]

On March 8, 2019, Patricia L. McAvoy, as personal representative of the Estate of Daniel W. McAvoy ("petitioner")[2], filed a petition in the National Vaccine Injury Program.[3]  Mr. Daniel McAvoy received an influenza vaccine on October 12, 2016.  Petition at ¶ 2 (ECF No. 1). Petitioner alleges that as a result of Daniel McAvoy receiving the influenza vaccine, he suffered cellulitis.  *Id.* at ¶ 4; Stipulation at ¶ 4 (ECF No. 44).

---

[1] Pursuant to the E-Government Act of 2002, *see* 44 U.S.C. § 3501 note (2012), because this opinion contains a reasoned explanation for the action in this case, I am required to post it on the website of the United States Court of Federal Claims.  The court's website is at http://www.uscfc.uscourts.gov/aggregator/sources/7.  **This means the opinion will be available to anyone with access to the Internet.**  Before the opinion is posted on the court's website, each party has 14 days to file a motion requesting redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes  medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy."  Vaccine Rule 18(b).  "An objecting party must provide the court with a proposed redacted version of the decision."  *Id.*  **If neither party files a motion for redaction within 14 days, the opinion will be posted on the court's website without any changes.**  *Id.*

[2] On January 28, 2020, petitioner filed a motion to substitute party and notice of death. ECFF No. 33. Petitioner's motion was granted ton January 31, 2020.  ECF No. 34

[3] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) (Vaccine Act or the Act). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

On December 17, 2020, respondent filed a stipulation providing that a decision should be entered awarding compensation to petitioner.  Stipulation at ¶ 7.  Respondent denies that the flu vaccine caused Mr. McAvoy's alleged cellulitis or any other injury and further denies that his death was a sequela of an alleged vaccine-related injury.  *Id.* at ¶ 6.  Maintaining their above stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation to petitioner according to the terms of the stipulation attached hereto as Appendix A.  *Id.* at ¶ 7.

The stipulation awards:

1) **A lump sum of $86,599.04 in the form of a check payable to petitioner as personal representative of the estate of Daniel W. McAvoy.  This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).**

I adopt the parties' stipulation attached hereto, and award compensation in the amount and on the terms set forth therein.  The Clerk of the Court **SHALL ENTER JUDGMENT** in accordance with the terms of the parties' stipulation.[4]

**IT IS SO ORDERED.**

**s/Thomas L. Gowen**
Thomas L. Gowen
Special Master

---

[4] Entry of judgment is expedited by each party's filing notice renouncing the right to seek review.  Vaccine Rule 11(a).

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**OFFICE OF SPECIAL MASTERS**

| | | |
|---|---|---|
| PATRICIA L. MCAVOY, as Personal Representative for the Estate of DANIEL W. MCAVOY, | ) ) ) ) | |
| Petitioner, | ) ) | |
| v. | ) ) | **No. 19-357V** **Special Master Gowen** **ECF** |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | ) ) ) | |
| Respondent. | ) ) ) | |

STIPULATION

The parties hereby stipulate to the following matters:

1. Patricia L. McAvoy ("petitioner"), as personal representative of the estate of Daniel W. McAvoy ("Mr. McAvoy"), deceased, seeks vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §§ 300aa-10 to -34 (the "Vaccine Program"), for injuries allegedly related to Mr. McAvoy's receipt of an influenza ("flu") vaccine, which vaccine is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3(a).

2. Mr. McAvoy received the flu vaccine on October 12, 2016.[1]

3. The vaccine was administered within the United States.

4. Petitioner alleges that as a result of Mr. McAvoy receiving the flu vaccine, Mr. McAvoy suffered cellulitis.  Mr. McAvoy passed away on August 22, 2019.  Petitioner has not

---

[1] Mr. McAvoy also received a Pneumovax-23 vaccine in the same arm on the same day. Pneumovax-23 vaccine is not contained in the Table.

filed an Amended Petition alleging that Mr. McAvoy's death was the sequela of his alleged vaccine-related injury.

5. Petitioner represents that there has been no prior award or settlement of a civil action for damages on behalf of Mr. McAvoy as a result of his alleged condition.

6. Respondent denies that the flu vaccine caused Mr. McAvoy's alleged cellulitis or any other injury, and further denies that his death was a sequelae of an alleged vaccine-related injury.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payment:

> A lump sum of $86,599.04 in the form of a check payable to petitioner as personal representative of the estate of Daniel W. McAvoy. This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).

9. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioner has filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

10. Petitioner and her attorney represent that they have identified to respondent all known sources of payment for items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), including State compensation programs, insurance policies,

Federal or State health benefits programs (other than Title XIX of the Social Security Act (42

U.S.C. § 1396 et seq.)), or entities that provide health services on a pre-paid basis.

11. Payments made pursuant to paragraph 8 of this Stipulation, and any amount awarded

pursuant to paragraph 9, will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the

availability of sufficient statutory funds.

12. Petitioner represents that she presently is, or within 90 days of the date of judgment

will become, duly authorized to serve as the Personal Representative of the Estate of Daniel W.

McAvoy under the laws of the State of Arizona.  No payments pursuant to this Stipulation shall

be made until petitioner provides the Secretary with documentation establishing her appointment

as the Personal Representative of the Estate of Daniel W. McAvoy.  If petitioner is not

authorized by a court of competent jurisdiction to serve as the Personal Representative of the

Estate of Daniel W. McAvoy at the time a payment pursuant to this Stipulation is to be made,

any such payment shall be paid to the party or parties appointed by a court of competent

jurisdiction to serve as Personal Representative of the Estate of Daniel W. McAvoy upon

submission of written documentation of such appointment to the Secretary.

13. In return for the payments described in paragraph 8, and any amount awarded

pursuant to paragraph 9, petitioner, in her individual capacity, and as the Personal Representative

of the Estate of Daniel W. McAvoy, on behalf of the Estate and Mr. McAvoy's heirs, executors,

administrators, successors or assigns, does forever irrevocably and unconditionally release,

acquit and discharge the United States and the Secretary of Health and Human Services from any

and all actions or causes of action (including agreements, judgments, claims, damages, loss of

services, expenses and all demands of whatever kind or nature) that have been brought, could

have been brought, or could be timely brought in the Court of Federal Claims, under the National

Vaccine Injury Compensation Program, 42 U.S.C. § 300 aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of Mr. McAvoy resulting from, or alleged to have resulted from, the flu vaccine administered on October 12, 2016, as alleged in a Petition filed on March 8, 2019, in the United States Court of Federal Claims as petition No. 19-357V.

14.  If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the United States Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

15.  This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended.  There is absolutely no agreement on the part of the parties hereto to make any payment or do any act or thing other than is herein expressly stated and clearly agreed to.  The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages.

16.  This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the flu vaccine caused Mr. McAvoy's alleged cellulitis or any other injury or his death.

17.  All rights and obligations of petitioner in her capacity as the Personal Representative of the Estate of Daniel W. McAvoy shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns.

END OF STIPULATION

Respectfully submitted,

**PETITIONER:**

_signature_

PATRICIA L. MCAVOY

**ATTORNEY OF RECORD FOR
PETITIONER:**

_signature_

ANDREW D. DOWNING
VANCOTT & TALAMANTE, PLLC
3030 N. Third Street
Suite 790
Phoenix, AZ 85012
Tel: (602) 257-9160
adowning@vancotttalamante.com

**AUTHORIZED REPRESENTATIVE
OF THE ATTORNEY GENERAL:**

_signature_

CATHARINE E. REEVES
Deputy Director
Torts Branch
Civil Division
U. S. Department of Justice
P. O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

**AUTHORIZED REPRESENTATIVE OF
THE SECRETARY OF HEALTH AND
HUMAN SERVICES:**

_CAPT Dale Mishler, DHSc, for_
TAMARA OVERBY
Acting Director, Division of
Injury Compensation Programs (DICP)
Healthcare Systems Bureau
U.S. Department of Health
and Human Services
5600 Fishers Lane
Parklawn Building, Stop-08N146B
Rockville, MD 20857
Dated: 12|17|20

**ATTORNEY OF RECORD FOR
RESPONDENT:**

_Claudia B Gangi
by Catharine E_

CLAUDIA B. GANGI
Senior Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146
Tel: (202) 919-6599
claudia.gangi@usdoj.gov