# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS

Filed:  April 13, 2021

```
* * * * * * * * * * * * *
PATRICIA L. MCAVOY, as              *
personal representative of ESTATE   *
OF DANIEL W. MCAVOY,                *        UNPUBLISHED
                                    *
          Petitioner,               *        No. 19-357V
                                    *        Special Master Gowen
v.                                  *
                                    *        Attorneys' Fees and Costs
SECRETARY OF HEALTH                 *
AND HUMAN SERVICES,                 *
                                    *
          Respondent.               *
* * * * * * * * * * * * *
```

Andrew D. Downing, Van Cott & Talamante, PLLC, Phoenix, AZ, for Petitioner.
Claudia B. Gangi, United States Department of Justice, Washington, DC, for Respondent.

### DECISION ON ATTORNEYS' FEES AND COSTS[1]

On December 22, 2020, Patricia McAvoy ("Petitioner") filed a motion for attorneys' fees and costs. Motion for Attorney Fees and Costs ("Fees App.") (ECF No. 46). For the reasons discussed below, I **GRANT** Petitioner's motion for attorneys' fees and costs and award a total of **$47,337.62.**

## I.     Procedural History

On March 8, 2019, Petitioner, as personal representative of the Estate of Daniel W. McAvoy, filed a petition in the National Vaccine Injury Compensation Program.[2] Petitioner

---

[1] I intend to post this Ruling on the United States Court of Federal Claims' website. **This means the Ruling will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy.  If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access. Because this unpublished ruling contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) ("Vaccine Act" or "the Act"). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

alleged that as a result of receiving an influenza vaccine on October 12, 2016, Mr. McAvoy suffered from cellulitis. *See* Petition (ECF No. 1). On December 17, 2020, the parties filed a stipulation, which I adopted as my decision awarding compensation on the same day. (ECF No. 45).

On December 46, 2020, Petitioner filed a motion for final attorneys' fees. Petitioner requests compensation for her attorney, Mr. Andrew Downing, in the total amount of $47,937.62, representing $41,879.50 in attorneys' fees and $6,058.12 in costs. Fees App. at 2. Pursuant to General Order No. 9, Petitioner warrant she has not personally incurred any costs in pursuit of this claim. Fees App. at 3. Respondent reacted to the fees motion on January 5, 2021, stating that "Respondent is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Response at 2. (ECF No. 48). Petitioner did not file a reply thereafter.

The matter is now ripe for adjudication.

II.    **Analysis**

Section 15(e) (1) of the Vaccine Act allows for the Special Master to award "reasonable attorneys' fees, and other costs." § 300aa–15(e)(1)(A)–(B). Petitioners are entitled to an award of reasonable attorneys' fees and costs if they are entitled to compensation under the Vaccine Act, or, even if they are unsuccessful, they are eligible so long as the Special Master finds that the petition was filed in good faith and with a reasonable basis. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008). Here, because Petitioner was awarded compensation pursuant to a stipulation, she is entitled to a final award of reasonable attorneys' fees and costs.

Petitioners "bea[r] the burden of establishing the hours expended, the rates charged, and the expenses incurred" are reasonable. *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 482, 484 (1993). Adequate proof of the claimed fees and costs should be presented when the motion is filed. *Id.* at 484 n. 1. The special master has the discretion to reduce awards *sua sponte*, independent of enumerated objections from the respondent. *Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 208–09 (Fed. Cl. 2009); *Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313 (Fed. Cl. 2008), *aff'd* No. 99–537V, 2008 WL 2066611 (Fed. Cl. Spec. Mstr. Apr. 22, 2008).

a.    **Attorneys' Fees**

I have reviewed the rates requested by Petitioners for the work of their counsel, Mr. Andrew Downing and Ms. Courtney Van Cott, and I find the rates requested herein to be consistent with what they have previously been awarded for their Vaccine Program work and reasonable in light for the work performed in this case.

Turning next to review of the submitted billing statement, I find that the overall hours spent on this matter appear to be largely reasonable. The entries are reasonable and accurately describe the work being performed and the length of time it took to perform each task. However, a small amount must be reduced for overbilling by firm paralegals. In the instant case, the overbilling incudes time expended on clerical/administrative tasks such as receiving and paying invoices and a general excessive amount of time billed to complete various tasks such as preparing and filing

documents, records intake, and reviewing filings from the Court and Respondent. These issues have all been previously noted concerning the work of Van Cott & Talamante paralegals. *See, e.g., Sheridan v. Sec'y of Health & Human Servs.*, No. 17-669V, 2019 WL 948371, at *2-3 (Fed. Cl. Spec. Mstr. Jan. 31, 2019); *Moran v. Sec'y of Health & Human Servs.*, No. 16-538V, 2019 WL 1556701, at *4 (Fed. Cl. Spec. Mstr. Jan. 23, 2019).

Upon review, an appropriate reduction for these issues is $600.00. Petitioner is therefore awarded final attorneys' fees of $41,279.50.

### b. Attorneys' Costs

Like attorneys' fees, a request for reimbursement of costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests total attorneys' costs in the amount of $6,058.12, representing acquisition of medical records, postage, the Court's filing fee, and work performed by Petitioner's probate counsel. Fees App. Ex. 1 at 45-48. Petitioner has provided adequate documentation supporting all of the requested costs, and all appear reasonable in my experience. Petitioner is therefore entitled to the full amount of costs sought.

### III. Conclusion

In accordance with the foregoing, Petitioner's motion for attorneys' fees and costs is **GRANTED**. I find that Petitioner is entitled to a reimbursement of attorneys' fees and costs as follows:

| | |
|---|---|
| Attorneys' Fees Requested | $41,879.50 |
| (Reduction of Fees) | - ($600.00) |
| **Total Attorneys' Fees Awarded** | **$41,279.50** |
| | |
| Attorneys' Costs Requested | $6,058.12 |
| (Reduction of Costs) | - |
| **Total Attorneys' Costs Awarded** | **$6,058.12** |
| | |
| **Total Attorneys' Fees and Costs** | **$47,337.62** |

**Accordingly, I award a lump sum in the amount of $47,337.62, representing reimbursement for Petitioner's attorneys' fees, in the form of a check payable to Petitioner and her attorney, Mr. Andrew Downing.[3]**

---

[3] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs," and fees for legal services rendered. Furthermore, Section 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir. 1991).

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[4]

**IT IS SO ORDERED.**


/s/**Thomas L. Gowen**
Thomas L. Gowen
Special Master

---

[4] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).